UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:21-cr-00255-JRS-MJD-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| RALPH MCPEAK | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cr-00255-JRS-MJD |
| | ) | |
| RALPH MCPEAK, | ) -1 | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Ralph McPeak has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 47. In addition, Mr. McPeak has asked the Court for the appointment of counsel. *Id.* For the reasons explained below, his motions are **DENIED**.

### I.     Background

In May 2022, Mr. McPeak pleaded guilty to one count of unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Dkt. 39 at 1. On July 23, 2021, Mr. McPeak was arrested by law enforcement officials on two active warrants. Dkt. 36 at 3. During the arrest, Mr. McPeak stated that he had a gun in his pants. *Id.* at 4. Law enforcement removed the firearm from Mr. McPeak's right pant leg near his ankle. *Id.* The firearm was identified as a Kahr CW9, 9-millimeter handgun which had been reported stolen out of Greenfield, Indiana, on September 9, 2020. *Id.* Mr. McPeak had multiple felony convictions in Marion County, Indiana, including for Battery Resulting in Bodily Injury and Resisting Law Enforcement on November 15, 2011; Carrying a Handgun without a License on February 7, 2007; Auto Theft on March 4, 2005; and Armed Robbery on June 26, 2002. *Id.*

2

Mr. McPeak faced a guidelines range of 57 to 71 months of imprisonment. *Id.* at 16. The Court sentenced him to 57 months of imprisonment followed by two years of supervised release. Dkt. 39 at 2–3. The Bureau of Prisons ("BOP") currently reports Mr. McPeak's anticipated release date (with good-conduct time included) as September 21, 2025. https://www.bop.gov/inmateloc/ (last visited May 7, 2024).

Mr. McPeak has filed a motion for compassionate release *pro se*.[1] Dkt. 47. Mr. McPeak argues that he establishes extraordinary and compelling reasons for compassionate release because he wishes to provide help raising his children. Dkt. 47 at 1. He has also requested the appointment of counsel. Dkt. 47. The Court has concluded that it can resolve the motions without a response from the United States.

## II.  Discussion

### A.  Request for Counsel

Mr. McPeak has requested the appointment of counsel to represent him in this matter. Dkt. 47 at 1. There is no statutory authority entitling a defendant to counsel when pursuing a compassionate release motion. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021). Accordingly, Mr. McPeak's request for the appointment of the federal public defender's office is **denied**.

Because the Court is unable to appoint counsel, it *sua sponte* considers whether *pro bono* counsel should be recruited. The Court also finds that Mr. McPeak is not entitled to the appointment of pro bono counsel. When addressing a request for pro bono counsel, "the district

---

[1] The Court construed Mr. McPeak's Motion to contain requests for relief under 18 U.S.C. § 3582(c)(2) based on the terms of Amendment 821 to the United States Sentencing Commission Guidelines and for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 46. For clarity in the record, the Motion has been docketed twice: first as a motion for sentence reduction under Amendment 821, dkt. 43, and second, as a motion for compassionate release, dkt. 47. This order addresses only his request for compassionate release, and the Court will address relief under Amendment 821 in a separate order.

court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (holding that, because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. McPeak has not indicated whether he has attempted to contact any attorneys with requests for representation. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. For this reason, Mr. McPeak has not shown that pro bono counsel should be recruited and his request for assistance with recruiting counsel must therefore be denied.

### B. Compassionate Release

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27

4

F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Mr. McPeak states that he wishes to be home to provide care for his children. Dkt. 47 at 1. He states that one son is about to graduate, and another is having behavioral problems. *Id.* Mr. McPeak wishes to attend his son's graduation, provide help for the other son, and assist Mr. McPeak's wife in raising their children. *Id.* The newly amended sentencing guidelines permit a Court to find that extraordinary and compelling reasons for release exist due to "[t]he death or incapacitation of the caregiver of the defendant's minor child." U.S.S.G. § 1B1.13(b)(3)(A). However, that is not the case here. Mr. McPeak has presented no evidence that his sons' mother is incapacitated. He states only that she needs help supporting the children on her own. *See* dkt. 47 at 1. While the Court is sympathetic to the difficulty Mr. McPeak's wife faces in raising children without a partner, her difficulty appears to the Court to be equivalent to the difficulties faced by single parents across the country who often struggle with their children's behavioral issues on their own. Moreover, many inmates have children with behavioral concerns who are in the care of someone who experiences difficulty raising them without assistance. A desire to return home to help them is common, not extraordinary. For these reasons, the Court finds that Mr. McPeak has not met his burden to establish that his desire to be at home to provide care for his children is an extraordinary and compelling reason for his release whether considered alone or in combination with any other reason.

In sum, the Court does not find that Mr. McPeak has established extraordinary and compelling reasons to release him, whether considered alone or in conjunction with any other reason. Given this determination, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. McPeak's motion for compassionate release, dkt. [47], and his request for the appointment of counsel are **denied**.

**IT IS SO ORDERED.**

Date: 05/09/2024

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Ralph McPeak
Register Number: 63939-509
FCI Ashland
Federal Correctional Institution
P.O. Box 6001
Ashland, KY 41105