Case 1:21-cr-00255-JRS-MJD   Document 56   Filed 09/12/24   Page 1 of 4 PageID #: 283

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No: 1:21-cr-00255-01 |
| Ralph McPeak | ) |
| | ) USM No: 62939-509 |
| Date of Original Judgment: 5/31/2022 | ) |
| Date of Previous Amended Judgment: | ) William H. Dazey, Jr. |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ **DENIED.** ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 05/31/2022 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 09/12/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Honorable James R. Sweeney, II, District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cr-0255-JRS-MJD ) |
| RALPH MCPEAK, | ) -01 ) |
| Defendant. | ) ) |

**Order on Motions for Sentence Reduction**

Ralph McPeak was sentenced to 57 months' imprisonment after pleading guilty to one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). (J. 1–2, ECF No. 39.) This matter is now before the Court on McPeak's motions to reduce his sentence under 18 U.S.C. § 3582, USSG § 1B1.10, and Amendment 821 to the Sentencing Guidelines. (ECF Nos. 43, 52.) The motions are **denied**.

## I.  Legal Standard

The Court may modify an imposed sentence of imprisonment under 18 U.S.C. § 3582(c)(2) to reflect changes in the sentencing guidelines where authorized by policy statements from the Sentencing Commission. Under the policy statement at USSG § 1B1.10, the Court "may reduce" a sentence to reflect certain amendments to the Sentencing Guidelines. Those amendments are set forth in § 1B1.10(d). Amendment 821, Part A, "Status Points under § 4A1.1," reduces, from two criminal history points to one, the penalty for offenses committed while under sentence or on probation for another offense. Part B, "Zero-Point Offenders," allows a two-level reduction in offense level to certain offenders with no prior criminal history. The Court must

consider the 18 U.S.C. § 3553(a) factors in deciding whether and how to reduce a sentence. 18 U.S.C. § 3582(c)(2); USSG § 1B1.10, comment (n.1(B)).

## II. Discussion

McPeak was sentenced to 57 months' imprisonment. The Court adopted the presentence investigation report prepared by the U.S. Probation Office. The base offense level was 20 because McPeak's prior felony conviction was for a crime of violence. (Presentence Investigation Report ¶ 16, ECF No. 36.) Two levels were added under USSG § 2K2.1(b)(4)(A) because the firearm was stolen. (*Id.* ¶ 17.) Three levels were subtracted for McPeak's acceptance of responsibility, yielding a total offense level of 19. (*Id.* ¶¶ 23–25.) With a criminal history category of V, the guideline range was 57 to 71 months' imprisonment. (*Id.* ¶ 73.) The Court imposed a sentence of 57 months.

McPeak argues that Amendment 821 Part A applies. (Mot. 1, ECF No. 52.) The Government argues that McPeak is ineligible for either Part of Amendment 821 because (1) he did not receive any status points, and (2) he is not a zero-point offender. (Gov't's Opp. 4–5, ECF No. 54.) The Government is correct. McPeak did not receive any status points for being under a criminal justice system at the time of the instant offense, and he is not a zero-point offender. (PSR ¶ 38.)

McPeak believes he should not have received criminal history points for certain prior convictions. (*See* Mot. 1, ECF No. 52.) McPeak is correct that the arrest in one of his prior convictions—the auto theft charge in case number 49G06-0406-FC-094373—occurred over fifteen years before his conduct in the instant offense. (PSR

¶ 33.) However, pursuant to the Sentencing Guidelines, criminal history points are still given for these cases where the defendant's incarceration did not end before the fifteen-year period. USSG § 4A1.1, comment (n.1). McPeak was still incarcerated within the fifteen-year range—i.e., after August 26, 2006, having been released from IDOC in December 2005 and in 2007 receiving 180 days' imprisonment after having probation revoked. Therefore, these criminal history points were properly calculated and included.

The 57-month term of imprisonment remains as imposed at sentencing.

### III.   Conclusion

The Court finds that Amendment 821 does not change the applicable guideline range nor his offense level, so McPeak's Motions to Reduce Sentence, (ECF Nos. 43, 52), are **denied.**

**SO ORDERED.**

Date: 09/12/2024

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by U.S. Mail to:

Ralph McPeak
Reg. # 63939-509
FCI McDowell
Federal Correctional Institution
P.O. Box 1009
Welch, WV 24801

Distribution by CM/ECF to all counsel of record

3